# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2011

No. 10-50470
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL SCOTT MCAULEY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-786-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Scott McAuley pleaded guilty conditionally to transporting child pornography and was sentenced, *inter alia*, to 188 months' imprisonment. He reserved his right to appeal the denial of his motion to suppress evidence discovered on his external computer hard drive during a warrantless search at a border checkpoint.

Arguably, because this search occurred at a border checkpoint, McAuley's consent was not required to conduct the warrantless search. *See United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Arnold*, 533 F.3d 1003, 1008 (9th Cir. 2008) ("[R]easonable suspicion is not needed for customs officials to search a laptop or other personal electronic storage devices at the border".).   In the light of the following, however, we need not decide whether the search was constitutionally permissible as a routine search under the border-search doctrine.   *See United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985).

The district court's finding that McAuley consented to the search is reviewed for clear error.   *E.g.*, *United States v. Pickett*, 598 F.3d 231, 233 (5th Cir. 2010) (reviewing legal conclusions *de novo*; factual findings for clear error).   McAuley, among others, testified at the hearing on his suppression motion.   The factual findings underlying the district court's conclusion that McAuley voluntarily consented to the search were not clearly erroneous.   *See United States v. Mata*, 517 F.3d 279, 291 (5th Cir. 2008) (noting defendant did not withdraw verbal consent despite his refusal to sign consent form); *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997) ("We will not second guess the district court's factual findings as to the credibility of witnesses."); *United States v. Alfaro*, 935 F.2d 64, 67 (5th Cir. 1991) (finding defendant's conduct not unequivocal act or statement of withdrawal).   Because McAuley waived his Fourth Amendment rights, the search was constitutionally permissible.   *See Mata*, 517 F.3d at 290.

AFFIRMED.